IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DARRYL HEFFNER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00624-O-BP |
| | § | |
| **JANELLE HAVERKAMP,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 16, 2025, *pro se* plaintiff Darryl Heffner ("Heffner") filed a complaint alleging violations of his Civil Rights relating to an inheritance dispute. ECF No. 1. His action was referred to the undersigned under Special Order 3. ECF No. 2. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor transfer the case to the United States District Court for the Eastern District of Texas, Sherman Division.

The Court first considers whether venue is properly placed in the Fort Worth Division of the Northern District of Texas. Venue in a civil action such as this one is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of

justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Heffner does not state whether venue is proper in this Court. However, in the Venue section of his Complaint, he notes that many of the parties, previous litigation, and disputed property reside or are located in Cooke and Denton Counties. *See* ECF No. 1 at 14. The Court notes that Cooke and Denton Counties, Texas, are within the Sherman Division of the United States District Court for the Eastern District of Texas. 28 U.S.C. § 124(c)(3).

The Court can find no connection between this case and any county within the Northern District of Texas, Fort Worth Division. According to his civil cover sheet, Heffner resides in Cooke County, Texas. ECF No. 1-1. Further, Heffner alleges no facts to show that the defendants reside in the Fort Worth Division of the Northern District, and none of the facts at issue in the case happened in this division. Additionally, a substantial part of the events or omissions giving rise to Heffner's claims occurred in Cooke and Denton Counties in the Sherman Division of the Eastern District of Texas. Accordingly, in the interest of justice, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** this action to the United States District Court for the Eastern District of Texas, Sherman Division.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on June 18, 2025.

 

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE